# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2019-0313, <u>William D. Nicosia v. Town of Candia</u>, the court on January 31, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, William D. Nicosia, appeals an order of the Superior Court (<u>Wageling</u>, J.) upholding a decision of the zoning board of adjustment (ZBA) for the respondent, the Town of Candia, denying his application for a variance. On appeal, the petitioner does not challenge the denial of his application for a variance. Instead, he argues that the trial court erred by ruling that (1) the town was not estopped, pursuant to the so-called doctrine of systematic nonenforcement, <u>see</u> <u>Alexander v. Town of Hampstead</u>, 129 N.H. 278, 283 (1987) (observing, in dicta, that "it is conceivable that a pattern of nonenforcement would be so systematic as to constitute ratification of a policy of nonenforcement"), from enforcing its zoning ordinance so as to prohibit him from operating his "hired hauler" trucking business from his residential property; (2) the town did not violate the New Hampshire Constitution by failing to adequately explain that he could file an administrative appeal to the ZBA of the determination that his business constituted a "heavy equipment operation" requiring a variance; and (3) his argument that the town was barred from classifying his use as a "heavy equipment operation" under the doctrine of administrative gloss was moot.

At the outset, we agree with the town that the petitioner's final argument is not properly before us. The record reflects that the petitioner sought the variance after the town's building inspector denied his request for a "use permit" to operate his trucking business from his property on the basis that the business amounted to a "[c]raftsman's or contractor's shop including a . . . heavy equipment operation," a use not permitted within the town's residential zoning district. In his motion for rehearing before the ZBA, the petitioner argued, in part, that his use did not constitute a "heavy equipment operation," and that the town was prohibited from classifying his business as a "heavy equipment operation" pursuant to the doctrine of administrative gloss.

In the trial court, the petitioner continued to argue that his use did not constitute a "heavy equipment operation" pursuant to the doctrine of administrative gloss, and asserted that "the most fair and just remedy would be

to remand to the ZBA [to allow] an administrative appeal of the Town's classification of his business use." He contended that "[t]he result of the administrative appeal may result in [him] not requiring a variance at all (e.g., if the ZBA were to find . . . that . . . by simply parking his vehicles on his [p]roperty, [he] is not running a business on same)." The trial court reasoned that, because the ZBA ultimately ruled that a variance was required not because the use constituted a "heavy equipment operation," but because it was a commercial trucking operation not allowed under the town's permissive zoning ordinance, the request to remand the matter in order to allow an administrative appeal was moot. The trial court observed that, "for all practical purposes, [the] [p]etitioner has already successfully challenged the classification of his business as a 'heavy equipment operation,'" and that he had not challenged the ZBA's determination that he needed a variance because his use constituted an unpermitted commercial trucking business.

On appeal, the petitioner argues that, in ruling that his request to remand was moot, the trial court "improperly assumed that [his] administrative appeal would be limited to arguing that his use is a 'commercial motor vehicle operation' rather than 'heavy equipment operation.'" Because the petitioner contends that he "would have been able to argue [in an administrative appeal] that he does not require a variance at all, since all of his business occurs off-site," he argues that the trial court erred by determining that his request to remand the case was moot. According to the petitioner, the trial court's implicit conclusion that "an administrative appeal would be meaningless because a variance would still be required" was improper because there was an insufficient factual record on which to make that determination. The petitioner contends that, "even if [his] use could properly be considered a 'heavy equipment operation[,]' the Town's practice of nonenforcement has placed an administrative gloss on that term."

"To preserve issues for an appeal to the Supreme Court, an appellant must have given the [trial] court the opportunity to consider such issues; thus, to the extent that the [trial] court, in its decision, addresses matters not previously raised in the case, a party must identify any alleged errors concerning those matters in a motion [for reconsideration] to preserve such issues for appeal." Super. Ct. Civ. R. 12(e); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). In this case, the trial court specifically determined that the petitioner's request to remand the case so as to allow him to take an administrative appeal and argue that his use was not a "heavy equipment operation" pursuant to the administrative gloss doctrine, was moot because the ZBA, within the context of the variance application, had already determined that his use was, in fact, a commercial trucking use requiring a variance, and because the petitioner had not challenged the merits of that determination. The petitioner did not bring the trial court's purported errors in its mootness ruling to its attention in a motion for reconsideration. See Butland, 147 N.H. at 679. Under the circumstances, we conclude that the

petitioner's argument that the trial court erred by determining that his administrative gloss argument is moot is not preserved.

As the appealing party, the petitioner has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the petitioner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error as to any of his remaining arguments.  See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3